UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CADENCE BANK, N.A., formerly known
as SUNCOAST NATIONAL BANK, N.A.,

       Plaintiff,

vs.   Case No. 2:13-cv-145-FtM-29SPC

MICHAEL S. BENNETT, individually,
DIANE M. BENNETT, individually,
DIANE M. BENNETT, as trustee of the
Diane M. Bennet revocable trust
u/a/d/July 28, 2008,

       Defendants.
_____

**ORDER**

This matter comes before the Court on a jurisdictional review of the Verified Complaint (Doc. #1) filed on February 27, 2013. The Complaint was filed alleging subject-matter jurisdiction based on the presence of diversity jurisdiction under Section 1332, "and other applicable law[1]". (Doc. #1, ¶ 5.) This requires complete diversity of citizenship, and that the matter in controversy exceed the sum or value of $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a); <u>Morrison v. Allstate Indem. Co.</u>, 228 F.3d 1255, 1261 (11th Cir. 2000). Plaintiff references an obligation by defendants in excess of $800,000, therefore the Court is satisfied

---

[1] No claims are brought under federal law, therefore it is unclear what other applicable law provides the basis for jurisdiction.

that the face of the Complaint alleges the requisite amount in controversy.

"All national banking associations shall, for the purposes of all other actions by or against them, be deemed citizens of the States in which they are respectively located." 28 U.S.C. § 1348. For diversity jurisdiction purposes, a national bank is a citizen of the State designated in its articles of association as its main office. <u>Wachovia Bank v. Schmidt</u>, 546 U.S. 303, 318 (2006). Plaintiff alleges that it is a national association with its principal place of business in Birmingham, Alabama. (Doc. #1, ¶ 1.)  This is inadequate to allege the citizenship of plaintiff bank.

"In order to be a citizen of a State within the meaning of the diversity statute, a natural person must both be a citizen of the United States and be domiciled within the State." <u>Newman-Green, Inc. v. Alfonzo-Larrain</u>, 490 U.S. 826, 828 (1989).  Pleading residency is not the equivalent of pleading domicile. <u>Molinos Valle Del Cibao, C. por A. v. Lama</u>, 633 F.3d 1330, 1341 (11th Cir. 2011); <u>Corporate Mgmt. Advisors, Inc. v. Artjen Complexus, Inc.</u>, 561 F.3d 1294, 1297 (11th Cir. 2009); <u>Taylor v. Appleton</u>, 30 F.3d 1365, 1367 (11th Cir. 1994).  "A person's domicile is the place of his true, fixed, and permanent home and principal establishment, and to which he has the intention of returning whenever he is absent therefrom." <u>McCormick v. Aderholt</u>, 293 F.3d 1254, 1257-58

```
```

(11th Cir. 2002)(internal quotation marks and citations omitted). Plaintiff alleges that defendant M. Bennett is an individual "residing or doing business in" Florida, D. Bennett is an individual "residing or doing business in" Florida, and the Trust is a revocable trust with its *res* in Florida. (Doc. #1, ¶¶ 2-4.) The residency of the individually named defendants is insufficient to establish their citizenship.

Accordingly, it is now

**ORDERED**:

1. The Verified Complaint (Doc. #1) is **dismissed** without prejudice to filing an Amended Complaint within **FOURTEEN (14) DAYS** of this Order to properly allege subject-matter jurisdiction.

2. Defendants' Motion to Dismiss the Complaint (Doc. #9) is **denied as moot**.

**DONE AND ORDERED** at Fort Myers, Florida, this __10th__ day of April, 2013.

JOHN E. STEELE
United States District Judge

Copies:
Counsel of record